IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TERRY COPELAND,

    Petitioner,

v.                                                                                                                                      No. 1:16-cv-01095-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING § 2255 MOTION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

In May 2016, Petitioner, Terry Copeland, filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Petition"). (Docket Entry ("D.E.") 1.) For the reasons that follow, the Petition is DENIED.

BACKGROUND

In January 2012, a federal grand jury returned an indictment with three counts against Copeland, charging him with various controlled substance offenses in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. (Case Number ("No.") 1:12-cr-10008-JDB-1, D.E. 4 at PageID 9-12.) He subsequently entered a plea of guilty to Counts 1, 2, and 4. (*Id.*, D.E. 64.)

The inmate was determined to be subject to an enhanced sentence as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("Guidelines"), based on Tennessee convictions for armed robbery and aggravated assault. (Presentence Report ¶¶ 32, 36, 38.) The Court sentenced him to 125 months' imprisonment and three years of supervised release. (No. 12-cr-10008, D.E. 104 at PageID 203-04; *id.*, D.E. 102.)

In his Petition, Copeland seeks relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). (D.E. 1 at PageID 4.)

DISCUSSION

A prisoner seeking to vacate his sentence under § 2255 "must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

Petitioner challenges his sentence based on the Supreme Court's ruling in *Johnson* that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally void for vagueness. *See Johnson*, 135 S. Ct. at 2557. He argues that *Johnson* renders unconstitutional his designation as a career offender under § 4B1.1 of the Guidelines.

The argument fails. On March 6, 2017, the Supreme Court refused to extend *Johnson*'s reasoning to the Guidelines' career offender provisions. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017). The Court explained that, "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* "[T]he Guidelines," therefore, "are not subject to a vagueness challenge under the Due Process Clause." *Id.*

The Petition is DENIED.

APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner

demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[1]

---

[1] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

IT IS SO ORDERED this 1st day of May 2018.

                                      <u>s/ J. DANIEL BREEN</u>
                                      UNITED STATES DISTRICT JUDGE